FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

SEP 29 2004

at ___ o'clock and ___ min. ___M
WALTER A. Y. H. CHINN, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | | |
|---|---|---|
| RICHARD CHARLES AGNEW, | ) | CV. NO. 03-00584 DAE/KSC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| AIG HAWAI'I INSURANCE, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

ORDER DISMISSING PLAINTIFF'S COMPLAINT AND DENYING
PLAINTIFF'S APPLICATION TO PROCEED WITHOUT
PREPAYMENT OF FEES

Pursuant to Local Rule 7.2(d), the court finds this matter suitable for disposition without a hearing. After reviewing the underlying papers, the court DISMISSES Plaintiff's Amended Complaint and DENIES Plaintiff's Application To Proceed Without Prepayment of Fees.

BACKGROUND

On October 27, 2003, Plaintiff filed a Complaint and an Application To Proceed Without Prepayment of Fees ("October 27, 2003 Application"). On December 24, 2003, the court filed an Order Denying Plaintiff's October 27, 2003 Application ("December 24, 2003 Order"), finding that Plaintiff had the financial

resources to pay the required fees and that his claim was frivolous. December 24, 2003 Order, at 3-4.

On January 5, 2004, Plaintiff filed a second Application To Proceed Without Prepayment of Fees ("January 5, 2004 Application"), which the court construed as a motion for reconsideration of the December 24, 2003 Order. On January 6, 2004, the Court filed an Order Denying the January 5, 2004 Application ("January 6, 2004 Order"), finding that the Plaintiff failed to provide the court with any information that substantiated his claim against Defendant AIG Hawai'i Insurance ("Defendant"). January 6, 2004 Order, at 3.

On January 15, 2004, Plaintiff filed a Notice of Appeal to the Ninth Circuit. Plaintiff subsequently filed a motion for leave to proceed in forma pauperis on appeal,[1] which the Ninth Circuit denied with prejudice on May 20,

---

[1] Upon filing an appeal to the Ninth Circuit, Plaintiff failed to pay the docket fees. On February 11, 2004, the Ninth Circuit filed an Order ("February 11, 2004 Order"), informing Plaintiff that he must: "(1) file a motion with this court to proceed in forma pauperis; (2) pay $255 to the district court as the docketing and filing fees for this appeal; or (3) otherwise show cause why the appeal should not be dismissed for failure to prosecute." February 11, 2004 Order, at 1.
Plaintiff then filed a motion for leave to proceed in forma pauperis on appeal. On March 8, 2004, the Ninth Circuit filed an Order ("March 8, 2004 Order") directing Plaintiff to "file a supplemental motion to proceed in forma pauperis on appeal setting forth the grounds for the motion and the legal argument necessary to support the requested relief, including a financial affidavit." March 8, 2004 Order, at 1.
On May 20, 2004, the Ninth Circuit filed an Order ("May 20, 2004 Order")

2004. On July 1, 2004, the Ninth Circuit automatically dismissed Plaintiff's appeal because he did not pay the docket and filing fees. On September 9, 2004, Plaintiff filed an Amended Complaint with this court and another Application To Proceed Without Prepayment of Fees ("September 9, 2004 Application").

## STANDARD OF REVIEW

The court may authorize the commencement or prosecution of any suit without prepayment of fees by a person who submits an affidavit that the person is unable to pay such fees. See 28 U.S.C. § 1915(a)(1)(2000). "Notwithstanding any filing fee . . . the court shall dismiss [a] case at any time if the court determines that the action or appeal . . . is frivolous or malicious." 29 U.S.C. § 1915(e)(2)(B)(i) (2000). A complaint is frivolous if "it has no arguable substance of law or fact." Id. (citing Rizzo v. Dawson, 778 F.2d 527, 529 (1985)).

---

in which the court denied with prejudice Plaintiff's motion for leave to proceed in forma pauperis on appeal. May 20, 2004 Order, at 1. Plaintiff failed to pay the docket fees and as a result, on July 1, 2004 the Ninth Circuit filed an Order ("July 1, 2004 Order"), in which the court automatically dismissed the appeal for failure to prosecute. July 1, 2004 Order, at 1.

## DISCUSSION

The court concludes that it must dismiss Plaintiff's Amended Complaint sua sponte because it is wholly unsubstantial and frivolous. See Bell v. Hood, 327 U.S. 678, 682-83 (1946) (recognizing that a "suit may sometimes be dismissed for want of jurisdiction where the alleged claim under the Constitution or federal statutes . . . is wholly insubstantial and frivolous"); see also Haggins v. Lavine, 415 U.S. 528, 536-37 (1974) (citations omitted) (stating that "[t]he federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit,' 'wholly insubstantial,' . . . 'plainly insubstantial,' or 'no longer open to discussion'").

The court is unable to decipher the injury that Plaintiff has allegedly sustained and the legal basis under which Plaintiff believes he is entitled to relief. In his Amended Complaint, Plaintiff appears to claim that Defendant denied an insurance claim he filed for injuries he sustained in an automobile accident. Amended Complaint, at 1. To the best of this court's understanding, Plaintiff alleges that Defendant, along with other unnamed defendants, has conspired against him, by somehow transmitting a "tone, frequency and electricity" into Plaintiff's automobile, which causes him constant distress and may lead to violence

4

and potentially murder. Id. Plaintiff also maintains that this transmission of "tone, frequency and electricity" caused the death of his father, Richard Maurice Agnew. Amended Complaint, at 1-2. Plaintiff has not provided any additional information to support these assertions. Accordingly, the Court finds that Plaintiff's claim is frivolous, and therefore DISMISSES his Amended Complaint. As the court has dismissed Plaintiff's Amended Complaint, the court also DENIES Plaintiff's September 9, 2004 Application To Proceed Without Prepayment of Fees.

## CONCLUSION

For all of the aforementioned reasons, the court hereby DISMISSES Plaintiff's Complaint and DENIES Plaintiff's Application to Proceed Without Prepayment of Fees.

IT IS SO ORDERED.

DATED: Honolulu, Hawai'i, SEP 29 2004.

DAVID ALAN EZRA
CHIEF UNITED STATES DISTRICT JUDGE

Richard Charles Agnew vs. AIG Hawai'i Insurance, Civil No. 03-00584 DAE/KSC; ORDER DISMISSING PLAINTIFF'S COMPLAINT AND DENYING PLAINTIFF'S MOTION TO PROCEED WITHOUT PREPAYMENT OF FEES